# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### APRIL SESSION, 1997

FILED

April 16, 1997

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | |
| Appellee, | ) | C.C.A. NO. 01C01-9612-CC-00532 |
| | ) | |
| VS. | ) | MONTGOMERY COUNTY |
| | ) | (No. 35284 Below) |
| | ) | |
| **JOHN F. WOLARD,** | ) | The Hon. John H. Gasaway |
| | ) | |
| Appellant. | ) | (Probation Revocation) |

FOR THE APPELLANT:

**N. REESE BAGWELL**
116 South Second Street
P.O. Box 427
Clarksville, TN 37041

FOR THE APPELLEE:

**JOHN KNOX WALKUP**
Attorney General & Reporter

**KATHY MORANTE**
Deputy Attorney General
450 James Robertson Parkway
Nashville, TN 37243-0493

**JOHN WESLEY CARNEY, JR.**
District Attorney General

**STEVE GARRETT**
Assistant District Attorney General
204 Franklin Street
Suite 200
Clarksville, TN 37040

OPINION FILED _____

AFFIRMED PURSUANT TO RULE 20

PER CURIAM

# **O P I N I O N**

The appellant appeals as of right pursuant to Rule 3 of the Tennessee Rules of Appellate Procedure from the trial court's revocation of his probation. Although a hearing was held on the matter, the transcript of the proceedings is not included in the record on appeal. In revoking the appellant's probation, the trial court found that the state had proven by a preponderance of the evidence that the appellant failed to report weekly, failed to make progress in the MRT program, failed to pay fines and court costs, and failed to pay probation fees. Without a record of the evidence introduced at the hearing, we cannot conclude that the trial judge erred in revoking the appellant's probation. See State v. Ballard, 855 S.W.2d 557, 560-61 (Tenn.1993). Accordingly, after a review of the record, it is the opinion of this Court the judgment of the trial court should be affirmed pursuant to Rule 20, Tennessee Court of Criminal Appeals Rules.

PER CURIAM
(Judges Wade, Welles, and Witt)